# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

CLINT PHILLIPS, III,                )
                                    )
      Plaintiff,              )
                                    )
    v.                            )      No. 4:20-cv-01276-SNLJ
                                    )
WAL-MART, et al.,                   )
                                    )
      Defendants.             )

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Clint Phillips, III for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, the Court will dismiss this action without prejudice.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir.

2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a self-represented litigant who has filed a civil action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985. (Docket No. 1 at 3). His complaint names Wal-Mart and St. Louis County as defendants. The claim arises from a civil lawsuit that plaintiff filed against Wal-Mart in

2

state court, seeking damages for being wrongfully detained at a Wal-Mart store located at 10741 W. Florissant.[1]

Plaintiff states that he filed his civil case in the Circuit Court of St. Louis County in August of 2017, seeking damages in the amount of $850,000. He further alleges that "Wal-Mart defaulted and did not answer the summons in violation of Rule 74.04."[2] Subsequently, plaintiff filed a motion for default. According to plaintiff, Judge Dean P. Waldemer denied the motion "because [plaintiff] had no financial information of damages requested." Plaintiff, however, asserts that he had presented information of damages in his complaint, and that Judge Waldemer "erroneously allowed the defendant to answer out of time in violation of their own practice." In support, he cites to Missouri Supreme Court Rule 74.04(c)(2).[3] He alleges that Judge Waldemer allowed Wal-Mart to answer out of time "simply because they asked him." Plaintiff contends that this violated the Fourteenth Amendment.

Eventually, the case was transferred from Judge Waldemer to Judge Mary E. Ott. Plaintiff states that Judge Ott allowed Wal-Mart's attorney "to introduce interrogatories concerning [his] criminal record that had no probative value and were being used to destroy [his] credibility." Plaintiff claims that this violated the Fourteenth Amendment.

Plaintiff states that he was "forced to ride the docket for almost three years," which he suggests is an unreasonable delay. He also states that there were "continuous settlement conferences when the defendant had no intention of settling." Despite his assertion that Wal-Mart

---

[1] Plaintiff's state court case is *Phillips v. Wal-Mart, Inc.*, No. 17SL-CC02824 (21st Jud. Cir., St. Louis County). The Court reviewed this case on Case.net, Missouri's online case management system, and takes judicial notice of this public record. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

[2] Missouri Supreme Court Rule 74.04 pertains to the filing of a motion for summary judgment.

[3] Missouri Supreme Court Rule 74.04(c)(2) provides that a response to a motion for summary judgment is due thirty days after the motion is served.

had "no intention of settling," plaintiff alleges that he was "forced into a settlement of $2000 instead of what I was entitled by law."[4] He asserts that the settlement violated the Seventh Amendment.

Despite agreeing to a settlement in the circuit court, plaintiff states that St. Louis County and Wal-Mart "conspired" to deny him a default judgment. (Docket No. 1 at 6). As a result, he is seeking $11 million in damages.

## Discussion

Plaintiff is a self-represented litigant who brings this action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985 against Wal-Mart and St. Louis County. For the reasons discussed below, this action must be dismissed for failure to state a claim.

### A. Wal-Mart

Plaintiff states that Wal-Mart defaulted by not timely answering his initial complaint in Missouri circuit court. He alleges that Wal-Mart, and its attorney, conspired with St. Louis County to deny him a default judgment, and also suggests that Wal-Mart somehow "forced" him into a settlement.

### i. 42 U.S.C. § 1983 Claim

In order to state a claim for relief under 42 U.S.C. § 1983, "a plaintiff must allege sufficient facts to show (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010). To that end, pursuant to § 1983, a defendant can only be held liable for actions taken under color of state law. *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008). *See also Magee v. Trustees of Hamline Univ., Minn.*, 747 F.3d 532, 535

---

[4] A stipulation of dismissal with prejudice was filed in the circuit court on February 26, 2020. Plaintiff signed the stipulation.

(8th Cir. 2014) (stating that § 1983 "imposes liability for certain actions taken under color of law that deprive a person of a right secured by the Constitution and laws of the United States"); *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that § 1983 secures constitutional rights from government infringement, not infringement by private parties); and *Montano v. Hedgepeth*, 120 F.3d 844, 848 (8th Cir. 1997) (stating that pursuant to § 1983, "the challenged conduct must have been committed by one who acts under color of law").

When a private party acts under color of state law, it can be held liable under § 1983. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). However, a private party may only be held liable "if it is a willful participant in joint activity with the State or its agents." *Gibson v. Regions Fin. Corp.*, 557 F.3d 842, 846 (8th Cir. 2009). In order to state a claim against a private party under § 1983, the plaintiff "must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor." *Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993).

In this case, Wal-Mart is a private corporation, not a state actor. Furthermore, the conduct it is accused of undertaking, that of filing a motion out of time and settling a lawsuit against it, cannot be fairly attributable to the State of Missouri or be said to have derived from state authority. Plaintiff has also failed to establish that Wal-Mart was a "willful participant in joint activity with the State or its agents." While plaintiff concludes that there was a conspiracy, he has not provided a single fact to indicate that Wal-Mart and St. Louis County, or any other state agent or entity, came to a mutual understanding or meeting of the minds to somehow allow Wal-Mart to avoid a default judgment and compel plaintiff to settle his lawsuit. Because plaintiff has not shown that Wal-Mart is a state actor or acted under color of state law, he has failed to establish one of the

necessary elements of a 42 U.S.C. § 1983 claim. Therefore, plaintiff's § 1983 claim against Wal-Mart must be dismissed.

Even if Wal-Mart was assumed to have acted under color of state law, plaintiff has failed to demonstrate that Wal-Mart violated his constitutional rights. Plaintiff has asserted violations of his rights to due process and equal protection under the Fourteenth Amendment, and his right to a civil jury trial under the Seventh Amendment. However, he has failed to present factual allegations showing he actually suffered a constitutional deprivation, much less that Wal-Mart was responsible for any such violations. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that 42 U.S.C. § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Instead, as noted above, plaintiff alleges only that Wal-Mart sought leave to file an answer out of time, and ultimately settled their case with him. Neither action, in and of itself, is violative of the constitution, and plaintiff provides no support for the contention that these actions violated his rights in this instance. Therefore, for this reason as well, plaintiff's 42 U.S.C. § 1983 claim against Wal-Mart must be dismissed.

###### ii.      42 U.S.C. § 1985 Claim

In order to establish a civil conspiracy under 42 U.S.C. § 1985, a plaintiff must demonstrate "(1) that the defendants conspired, (2) with the intent to deprive him of equal protection of the laws, or equal privileges and immunities under the laws, (3) that one or more of the conspirators did, or caused to be done, any act in furtherance of the object of the conspiracy, and (4) that he was injured or deprived of having and exercising any right or privilege of a citizen of the United States." *Mendoza v. United States Immigration & Customs Enforcement*, 849 F.3d 408, 421 (8th Cir. 2017). The first element requires the plaintiff to "allege with particularity and specifically demonstrate with material facts that the defendants reached an agreement." *Johnson v. Perdue*,

862 F.3d 712, 717-18 (8th Cir. 2017). *See also Crutcher-Sanchez v. Cty. of Dakota*, 687 F.3d 979, 987 (8th Cir. 2012) ("A conspiracy claim requires evidence of specific facts that show a meeting of the minds among conspirators"). Conjecture and speculation is insufficient to prove the existence of a conspiracy. *Mettler v. Whitledge*, 165 F.3d 1197, 1206 (8th Cir. 1999). Furthermore, unless there is a constitutional violation, there is no actionable conspiracy claim. *Robbins v. Becker*, 794 F.3d 988, 997 (8th Cir. 2015).

Here, plaintiff has not alleged "with particularity" that Wal-Mart reached an agreement with St. Louis County or any governmental entity or agent with regard to the lawsuit filed by plaintiff. Aside from plaintiff's conclusory assertion, he has not alleged anything at all. Indeed, there is not even enough factual material upon which to engage in speculation or conjecture. That is, nothing in plaintiff's "Statement of Claim" demonstrates that Wal-Mart did anything besides defend itself in a civil action. As plaintiff has not adequately pleaded the first element of a 42 U.S.C. § 1985 claim, this claim against Wal-Mart must be dismissed.

Furthermore, even if plaintiff had met the first element, he has not shown a constitutional violation. As noted above, plaintiff broadly asserts violations of his due process and equal protection rights under the Fourteenth Amendment, and the right to a civil jury trial under the Seventh Amendment. He has not established, however, that Wal-Mart did anything to violate those rights. The only things that Wal-Mart stands accused of doing is filing a motion to answer out of time, introducing interrogatories, and ultimately settling with plaintiff rather than going to trial. None of these actions, without more, demonstrate a violation of the constitution. Therefore, for this reason as well, plaintiff's 42 U.S.C. § 1985 claim against Wal-Mart must be dismissed.

**B. St. Louis County**

Plaintiff accuses St. Louis County – apparently through its judges[5] – of allowing Wal-Mart to file an answer out of time, rather than issue a default judgment, of accepting interrogatories of "no probative value," and of conspiring with Wal-Mart to force plaintiff to settle his case.

### i.    42 U.S.C. § 1983 Claim

A local governing body such as St. Louis County can be sued directly under 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). In order to prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways in which plaintiff can prove the liability of St. Louis County.

First, plaintiff can show the existence of an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). *See also Russell v. Hennepin Cty.*, 420 F.3d 841, 847 (8th Cir. 2005) ("A policy is a deliberate choice to follow a course of action made from among various alternatives

---

[5] The Court notes that plaintiff has not named either Judge Waldemer or Judge Ott as defendants. Even if he had, the claims against them would be subject to dismissal. With regard to his 42 U.S.C. § 1983 claim, both Waldemer and Ott would be immune from liability with respect to their exercise of judicial authority. *See Hamilton v. City of Hayti, Missouri*, 948 F.3d 921, 925 (8th Cir. 2020) (explaining that a judicial officer exercising judicial authority is immune from suit). To the extent that plaintiff alleges that either Judge Waldemer or Judge Ott participated in a conspiracy actionable under 42 U.S.C. § 1985, he has failed to provide any facts whatsoever to support this proposition.

by the official or officials responsible…for establishing final policy with respect to the subject matter in question"). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id.* at 390. "A policy may be either a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body." *Angarita v. St. Louis Cty.*, 981 F.2d 1537, 1546 (8th Cir. 1992).

Second, plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, plaintiff must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, plaintiff can assert a municipal liability claim by establishing a deliberately indifferent failure to train or supervise. To do so, plaintiff must allege a "pattern of similar constitutional violations by untrained employees." *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

9

Plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom. *Crumpley-Patterson*, 388 F.3d at 591. However, at a minimum, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8ᵗʰ Cir. 2003).

In this case, plaintiff's allegations, such as they are, do not support the proposition that his rights were violated due to an unconstitutional policy, custom, or failure to train on the part of St. Louis County.

First, plaintiff has not established that St. Louis County had an unconstitutional policy, as his facts do not point to any "policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body." In other words, plaintiff's vague and conclusory allegations do not indicate that anything that happened during the course of his civil action in the circuit court was the result of a deliberate choice made by St. Louis County officials.

Second, plaintiff has not shown that his rights were violated due to an unconstitutional custom. That is, he has not demonstrated the existence of a "continuing, widespread, persistent pattern of unconstitutional misconduct" by St. Louis County employees, much less that policymaking officials were deliberately indifferent to or tacitly authorized such misconduct. To the contrary, plaintiff's allegations regard an occurrence that happened to him alone, and do not describe any sort of pattern whatsoever. *See Wedemeier v. City of Ballwin, Mo.*, 931 F.2d 24, 26 (8ᵗʰ Cir. 1991) (stating that a court cannot infer the existence of an unconstitutional policy or custom from a single occurrence).

Finally, for the same reasons, plaintiff has failed to properly allege that St. Louis County violated his constitutional rights by failing to train or supervise its employees. In particular, he has not alleged a "pattern of similar constitutional violations by untrained employees."

Because plaintiff has not shown the existence of an unconstitutional policy, custom, or failure to train on the part of St. Louis County, the 42 U.S.C. § 1983 claim against it must be dismissed. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

### ii.      42 U.S.C. § 1985 Claim

As previously discussed, in order to establish a civil conspiracy under 42 U.S.C. § 1985, a plaintiff must demonstrate "(1) that the defendants conspired, (2) with the intent to deprive him of equal protection of the laws, or equal privileges and immunities under the laws, (3) that one or more of the conspirators did, or caused to be done, any act in furtherance of the object of the conspiracy, and (4) that he was injured or deprived of having and exercising any right or privilege of a citizen of the United States." *Mendoza*, 849 F.3d at 421. The first element requires the plaintiff to "allege with particularity and specifically demonstrate with material facts that the defendants reached an agreement." *Johnson*, 862 F.3d at 717-18. *See also Crutcher-Sanchez*, 687 F.3d at 987 ("A conspiracy claim requires evidence of specific facts that show a meeting of the minds among conspirators"). Conjecture and speculation is insufficient to prove the existence of a conspiracy. *Mettler*, 165 F.3d at 1206. Furthermore, unless there is a constitutional violation, there is no actionable conspiracy claim. *Robbins*, 794 F.3d at 997.

In this case, there are no facts whatsoever demonstrating that St. Louis County conspired with Wal-Mart. In particular, plaintiff presents no facts to show that Judge Waldemer allowed Wal-Mart to file an answer out of time because of an agreement with Wal-Mart to deny plaintiff a

default judgment.[6] Likewise, plaintiff has not presented any facts supporting the contention that Judge Ott allowed Wal-Mart to introduce non-probative interrogatories as part of a conspiracy against him. Finally, plaintiff provides no facts do establish that he was "forced" into a settlement by the circuit court, much less that this force came about as part of a concerted plan between Wal-Mart and St. Louis County or its employees. Because plaintiff has not established the first element of a 42 U.S.C. § 1985 claim, the claim against St. Louis County must be dismissed.

Moreover, as with Wal-Mart, plaintiff has not established the requisite constitutional violation that is necessary to state an actionable conspiracy claim. He complains that Wal-Mart was allowed to answer out of time, that certain interrogatories were introduced as evidence, and that he ended up settling his case for less money than he desired. None of these allegations, without more, support the proposition that his rights under the Seventh or Fourteenth Amendments were violated. Therefore, for this reason as well, plaintiff's 42 U.S.C. § 1985 claim against St. Louis County must be dismissed.

### C.  Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (Docket No. 3). The motion will be denied as moot as this action is being dismissed without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

---

[6] Plaintiff states that Judge Waldemer violated Mo. Sup. Ct. R. 74.04, pertaining to the filing of a motion for summary judgment. Having reviewed plaintiff's case, however, the Court notes that he did not file a motion for summary judgment. Rather, on September 28, 2017, he filed a document with the circuit court asking the judge "to make a decision by default." Missouri Supreme Court Rule 74.05 provides for the entry of default judgment. However, the provision states that "judgment *may* be entered against the defaulting party." Mo. Sup. Ct. R. 74.05(a) (emphasis added). Based on this rule, a court is not required to enter default, and plaintiff's suggestion that the circuit court was "in violation of their own practice" is not persuasive.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 3) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 2<u>A</u> day of <u>December</u>, 2020.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE